# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1160 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Johanna Santiago vs. Leo Pulido | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. To avoid a patchwork pleading that would require resort to more than one responsive pleading to see what is being placed at issue and what is not, the entire Answer and Ads are stricken. Leave is granted to District to file a self-contained amended Answer (including any appropriate Ads) in this Court's chambers, with a copy of course being transmitted to Santiago's counsel, on or before May 24, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 14 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/13/2002 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHANNA SANTIAGO,            )
                             )
            Plaintiff,       )
                             )
      v.                     )    No.  02 C 1160
                             )
LEO PULIDO, individually, et al., )
                             )
            Defendants.      )

## MEMORANDUM ORDER

Chicago Park District ("District") has filed its Answer and Affirmative Defenses ("ADs") to the Amended Complaint ("AC") filed by Johanna Santiago ("Santiago") against District and three of its employees, including Leo Pulido ("Pulido"). This memorandum order is issued sua sponte to require the correction of some obvious flaws in that responsive pleading.

To begin with, it is always distressing when any lawyer fails to adhere to clearly-marked-out pleading requirements--and even though this reaction may not have any basis in logic, any such failures on the part of government lawyers are particularly distressing. In this instance, despite the plain and precise teaching of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to what a pleader must state to become entitled to the benefit of a deemed denial, District's responsive pleading is instead shot through (Answer ¶¶5, 9, 15, 20, 21, 26-29, 46-48 and 57-62) with statements that District "is without sufficient information



or belief" as to the corresponding allegations of Santiago's AC.[1]
All such assertions are stricken, but without prejudice to
District's opportunity to replead in those respects.

This Court is also troubled by what appears to be District's
cavalier use of outright denials of many of Santiago's
allegations. For example, AC ¶¶1 and 23 set out in
extraordinarily graphic detail (replete with particularized
allegations and dates) the asserted conduct of Pulido in
allegedly hitting on Santiago in an appalling way. Does District
really know that those charges are untrue, so that it can flat
out deny them in good conscience, or is it rather opting to
believe Pulido in a situation in which only the two protagonists
know the real facts? And the same type of question may be posed
as to the unvarnished denials of a great many of Santiago's other
allegations. As long as District's counsel must return to the
drawing board in any event, she should give careful consideration
to each responsive paragraph to avoid the rote repetition of
outright denials where they are inappropriate.

Finally, each of District's three ADs is problematic and
must be either recast or dropped. After all, it is really
meaningless to say that a plaintiff may not recover "to the
extent" that some defect may exist, without in any way

---

[1] When phrased in that way, the response implicitly poses the question "sufficient for what?"

2

identifying how that hypothetical possibility relates to the case at hand. That goes for AD 1 (which speaks in hypothetical terms "to the extent plaintiff did not mitigate her damages"), AD 2 (which is equally hypothetical, speaking in terms of "to the extent plaintiff's claims fail to state a claim upon which relief may be granted") and AD 3 (which also speaks in hypothetical terms "to the extent that Plaintiff did not file her claims within the limitations period"). All three present ADs are therefore stricken, and if District chooses to reassert any AD it must do so in a manner that provides Santiago (and this Court) with real notice of the actual basis for any Rule 8(c) defense.

To avoid a patchwork pleading that would require resort to more than one responsive pleading to see what is being placed at issue and what is not, the entire present Answer and ADs are stricken. Leave is granted to District to file a self-contained amended Answer (including any appropriate ADs) in this Court's chambers, with a copy of course being transmitted to Santiago's counsel, on or before May 24, 2002.

Milton I. Shadur
Senior United States District Judge

Date: May 13, 2002